UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPH JOHNSON NICHOLAS II,<br><br>                Plaintiff,<br><br>v.<br><br>ADA COUNTY, a county and body politic and corporate in the State of Idaho; GARY RANEY, both in his official capacity as the Ada County Sherriff and Individually; ADA COUNTY DEPUTY/JAILER CARSON (SO41980 (first name currently unknown) and DOES I-XX, in their individual and official capacities,<br><br>                Defendants. | Case No. 1:17-cv-00289-CWD<br><br>**INITIAL REVIEW ORDER** |

## INTRODUCTION

On July 10, 2017, the Clerk of the Court conditionally filed Plaintiff Joseph Johnson Nicholas's Complaint subject to later review by the Court to determine whether he is entitled to proceed under 28 U.S.C. § 1915. (Dkt. 3.) Plaintiff filed his Complaint without the assistance of counsel. Because Plaintiff requests to proceed in forma pauperis, the Court will conduct an initial review of his Complaint under 28 U.S.C.

**INITIAL REVIEW ORDER  - 1**

§ 1915(e)(2). Having reviewed the record and being otherwise fully informed, the Court finds that Plaintiff's claims appear subject to dismissal because the Complaint fails to state a claim upon which relief can be granted.

## FACTUAL BACKGROUND

According to the Complaint, Plaintiff was an inmate at the Ada County Jail on or about May 12, 2016. Officer Carson directed comments in open housing toward Plaintiff that he was a "Nigger" and a "monkey." Plaintiff filed an Inmate Grievance on May 12, 2016, and Officer Carson responded with an apology for his actions and ill-considered words. Despite the apology, Plaintiff alleges the conduct occurred in front of other inmates, and those inmates began mimicking the comments Officer Carson made to Plaintiff. He alleges no one took action against these inmates, and that the conduct of other inmates was continuous for the duration of Plaintiff's incarceration.

Plaintiff alleges the following violations pursuant to 42 U.S.C. § 1983: (1) discrimination in violation of the Fourteenth Amendment; (2) cruel and unusal punishment in violation of the Eighth and Fourteenth Amendments; and (3) municipal liability pursuant to *Monell*, in violation of the Eighth and Fourteenth Amendments, for failure to train employees. Plaintiff alleges also a violation of Article 1, § 1, of the Idaho Constitution based upon racial discrimination.

## DISCUSSION

1. **Standard of Review**

Once a complaint has been conditionally filed pursuant to 28 U.S.C. § 1915, the Court must conduct an initial review of the Complaint. *See* 28 U.S.C. § 1915(e)(2). The

**INITIAL REVIEW ORDER - 2**

Court must dismiss a complaint or any portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

Because Plaintiff is proceeding pro se, the Complaint must be liberally construed, and Plaintiff must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if the Complaint can be saved by amendment, Plaintiff should be notified of the deficiencies and provided an opportunity to amend. *See Jackson. v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). A dismissal without leave to amend is improper unless it is beyond doubt that the Complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint fails to state a claim for relief under if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the

**INITIAL REVIEW ORDER - 3**

Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, "[l]iability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (there is no respondeat superior liability under §1983).

Plaintiff also brings related state law claims under the Court's supplemental jurisdiction authority.

2.     **Fourteenth Amendment Equal Protection**

To avoid dismissal of a complaint alleging that a government act was based on purposeful discrimination, Plaintiff must allege facts showing or intimating discrimination because of race, religion, or national origin. *See Ashcroft v. Iqbal*, 556 U.S. at 681. Allegations of discrimination need be "plausible," not merely "conceivable." *Id*. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."" *Id.* at 678 (internal citation and punctuation omitted).

An essential element of an equal protection claim is to allege that officials intentionally acted in a discriminatory manner. *FDIC v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991). Verbal harassment alone is not enough to constitute a discriminatory act or a violation of the Fourteenth Amendment's requirement of equal protection under the law. *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir.1997), overruled on other grounds by

**INITIAL REVIEW ORDER - 4**

*Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008) (footnote omitted); *Freeman*, 125 F.3d at 738 & 738 n.6 ("[a]lthough not itself rising to the level of a constitutional violation, prison officials' use of abusive language directed at an inmate's religion may be evidence that prison officials acted in an intentionally discriminatory manner," but the verbal abuse alone is "not sufficient to state a constitutional violation").

Here, the only allegation consists of one occasion of verbal abuse perpetrated by Officer Carson, and directed at Plaintiff's race. Plaintiff received a formal apology pursuant to the inmate grievance process. There are no facts indicating an intent to discriminate against Plaintiff on the basis of his race on the facts alleged, because Plaintiff fails to allege that he was placed in isolation, or suffered some other mistreatment, as a direct or proximate consequence of Officer Carson's racial animus. Although not condoned by the Court, these facts are insufficient to state a claim under the Fourteenth Amendment.

To present an equal protection claim regarding an inmate's treatment with regard to other inmates, a plaintiff must allege that his treatment is "invidiously dissimilar to that received by other inmates." *Seals v. Russell*, No. C 04-1569 SBA, 2007 WL 1697319 * 7 (N.D. Cal. June 12, 207) (citing *More v. Farrier*, 984 F.2d 269, 271-72 (8th Cir. 1993)( absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials)). There must also be purposeful discrimination. *Id.* But racial slurs from other inmates, standing alone, do not rise to the level of a cognizable constitutional claim. *Bradshaw v. Clements*, No. CIV. 99–6029–ST, 2000 WL 157903 *5 (Feb. 8, 2000).

**INITIAL REVIEW ORDER - 5**

Accordingly, Plaintiff is not entitled to relief on this claim even if Officer Carson or others failed to stop other inmates from directing racial slurs at Plaintiff.

3.     **Eighth Amendment**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation. *Id.* at 298. Prison officials must provide prisoners with adequate "food, clothing, shelter, sanitation, medical care and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir.1986). To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. *Wilson*, 501 U.S. at 298–99.

Although such racial slurs are deplorable, Plaintiff cannot proceed on his claims of verbal harassment alleged against Officer Carson. Verbal abuse and threats, without more, are not sufficient to state a constitutional deprivation. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (allegations that correctional counselor told plaintiff that he would transfer him to a higher custody status unit if he tried to go to the law library and that he would be sorry if he filed a class action suit were not actionable under § 1983); *Freeman*, 125 F.3d at 738 (9th Cir. 1997) (abusive language directed at prisoner's religious and ethnic background not actionable); *Zavala v. Barnick*, 545 F.Supp.2d 1051, 1057 (C.D. Cal. 2008) (simple verbal harassment does not constitute cruel and unusual punishment). Similarly, without any facts indicating a threat to

**INITIAL REVIEW ORDER  - 6**

Plaintiff's personal safety, other inmates use of racial slurs directed at Plaintiff, and witnessed by correctional officers, does not rise to a civil rights violation. *Zavala*, 545 F.Supp.2d at 1060.

### 4. Failure to Train

A plaintiff may proceed against a local government entity in a civil rights action only if he has sufficient allegations showing that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978). That is, "a municipality [or entity] can be found liable under § 1983 only where the municipality [or entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Requisite elements of a Section 1983 policy-based claim against a municipality or entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy; (3) the policy amounted to deliberate indifference to the plaintiff's constitutional rights; and (4) the policy was the moving force behind the constitutional violation. *Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001) (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir.1996) (internal quotation marks omitted)).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled city policy." *Monell*, 436 U.S. at 691. "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99

**INITIAL REVIEW ORDER  - 7**

F.3d 911, 918 (9th Cir. 1996) (citations omitted). All policy-based claims must meet the pleading standards clarified by *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*. That is, mere "formulaic recitation of a cause of action's elements" is insufficient. *See Twombly*, 550 U.S. at 555.

Plaintiff alleges only that there was some unidentified policy or practice that allowed employees of Ada County to discriminate based upon race. However, as explained above, mere abusive language, without more, is insufficient to state a constitutional violation. Accordingly, Plaintiff has not shown he was deprived of a constitutional right. Nor are the bare assertions of the existence of some unidentified policy sufficient to state a claim under *Monell*.

Alternatively, a failure to train claim may be asserted as an individual liability claim against a supervisor in his or her personal capacity. To state a claim, a plaintiff must allege facts showing the supervisor failed to act or improperly acted to train, supervise, or control his or her subordinates. *Starr v.* Baca, 652 F.3d 1191, 1205-09 (2011) (internal quotations and punctuation omitted).

Here, Plaintiff asserts Sherriff Raney is directly responsible in his personal capacity for failing to supervise or train Officer Carson. Plaintiff cannot merely speculate that, because an employee acted in a wrongful manner, the cause of the act was a failure to train, as opposed to the cause being rooted solely in the employee's own decisions. Moreover, without an underlying constitutional violation, as explained above, his failure to train theory fails also.

**INITIAL REVIEW ORDER  - 8**

**5.     Idaho Constitution**

Title 28 U.S.C. § 1367 provides that a district court may exercise supplemental jurisdiction over state claims when they are "so related" to the federal claims "that they form part of the same case or controversy under Article III of the United States Constitution." In other words, the supplemental jurisdiction power extends to all state and federal claims which one would ordinarily expect to be tried in one judicial proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). The Court declines to exercise jurisdiction over state law claims against Defendants unless Plaintiff first states a federal claim upon which relief can be granted against that particular defendant.

## CONCLUSION

Here, Plaintiff cannot plausibly assert a claim subject to this Court's jurisdiction, as explained above. It is therefore appropriate to enter an order dismissing Plaintiff's complaint, without leave to amend.

## **ORDER**

Because not all parties who have appeared have consented to the jurisdiction of a magistrate judge to enter final orders in this matter, the Clerk is directed to reassign this case to a district judge for consideration of the following: (1) dismissal of this action without leave to amend; and (2) denial of Plaintiff's Application for Leave to Proceed in Forma Pauperis as moot.

**IT IS SO ORDERED.**

DATED: September 20, 2017

_____

Honorable Candy W. Dale
United States Magistrate Judge