IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| JOSEPH JOHNSON NICHOLAS, II, | |
|---|---|
| Plaintiff, | Case No. 1:17-CV-00289-BLW |
| v. | **MEMORANDUM DECISION AND ORDER** |
| ADA COUNTY, et. al. | |
| Defendants. | |

## INTRODUCTION

The Court has before it Plaintiff's application to proceed without payment of fees. For the reasons explained below, the Court will deny the application and dismiss this case.

## ANALYSIS

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). Plaintiff's Complaint, or a portion thereof, will be dismissed if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, plaintiff's Complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). During

**Memorandum Decision & Order - 1**

this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Plaintiff alleges a violation of his civil rights pursuant to 42 U.S.C. § 1983, as well as a violation of Article I, § 1 of the Idaho Constitution. According to the Complaint, while Plaintiff was an inmate at the Ada County Jail, Officer Carson called him a "n****r" and a "monkey" in front of other inmates. Although Plaintiff obtained a formal apology from Officer Carson after filing an Inmate Grievance, the inmates who witnessed Officer Carson's use of racial epithets began mimicking their use. Plaintiff further alleges that no action was taken against such inmates, who continued to use racial epithets against Plaintiff for the duration of his incarceration.

Plaintiff has failed to state a claim upon which relief can be granted. Magistrate Judge Dale conducted a thorough review, and in a well-written decision recommended that the action be dismissed. *See Initial Review Order (Dkt. No. 6).* The Court adopts that decision as its own. These facts, while deplorable, do not rise to the level of a cognizable violation of Plaintiff's' constitutional rights. Verbal harassment alone is insufficient to state a constitutional violation under § 1983, thus the Plaintiff has not asserted a claim subject to the Court's jurisdiction, nor can he plausibly do so.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Initial Review Order (Dkt. 6) is hereby ADOPTED as the decision of this Court.

IT IS FURTHER ORDERED, that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-iii).

IT IS FURTHER ORDERED, that Plaintiff's Application for Leave to Proceed in Forma Pauperis is DENIED as MOOT.

IT IS FURTHER ORDERED, that the Clerk close this case.

DATED: October 10, 2017

B. Lynn Winmill
Chief Judge
United States District Court